RECEIVED
IN MONROE, LA
DEC 5 - 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| LISA SAWYER, ET AL. | CIVIL ACTION NO. 06-2392 |
|---|---|
| VERSUS | JUDGE ROBERT G. JAMES |
| CPL. J.B. CROUCH, ET AL. | MAG. JUDGE KAREN L. HAYES |

## OPINION

Plaintiffs Lisa Sawyer ("Mrs. Sawyer"), appearing individually and on behalf of her minor daughter, Sierra Sawyer, and Wendell Sawyer, Mrs. Sawyer's husband and the administrator of the estate of Sierra Sawyer ("Sierra"), brought suit against Monroe City Police Officers Cpl. J. B. Crouch ("Officer Crouch") and Cpl. J. C. Sturdivant ("Officer Sturdivant"), in their individual and official capacities, and the City of Monroe ("City") under 42 U.S.C. § 1983. Plaintiffs allege that Defendants violated Mrs. Sawyer's constitutional right to be free from excessive use of force during arrest. Plaintiffs also allege various state law claims arising out of the arrest.

A bench trial was held in this matter on November 5, 2008.

## I. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court hereby enters the following findings of fact and conclusions of law. To the extent that any finding of fact constitutes a conclusion of law, the Court hereby adopts it as such, and to the extent that any conclusion of law constitutes a finding of fact, the Court hereby adopts it as such.

### A. FINDINGS OF FACT

At trial, the Court heard testimony from Mrs. Sawyer, Sierra, Officer Crouch, and Officer Sturdivant regarding the arrest. The Court also heard an audio recording of the arrest, made by a recorder worn by Officer Crouch during the arrest. Based on the testimony and evidence, the Court

finds that the audio recording of the arrest, while not dispositive, is consistent with Officer Crouch's and Officer's Sturdivant's versions of events and thus finds that their version of events is credible.

On December 26, 2005, Mrs. Sawyer was driving her vehicle, accompanied by her daughter, Sierra, and her goddaughter, Mecca, when she was stopped by Officer Crouch for allegedly running a red light. The stop occurred in the parking lot of a store adjacent to U.S. Highway 165 in Monroe, Louisiana, around 11:00 p.m.

Officer Crouch informed Mrs. Sawyer of the reason for the stop, asked for the appropriate information, and returned to his patrol vehicle. After writing a citation to issue to Mrs. Sawyer for running a red light, Officer Crouch instructed Mrs. Sawyer to exit her vehicle and stand at the front of his patrol vehicle.

Officer Crouch then informed Mrs. Sawyer that he was issuing her a traffic citation for running a red light; gave Mrs. Sawyer his badge number, her court date, and information regarding how to contest the citation; and asked her to sign the citation. Mrs. Sawyer asked Officer Crouch what the consequences were if she did not sign the citation, and he replied that she could go to jail. She then replied "well, then that's what you're gonna have to do," and Officer Crouch said "all right."

Mrs. Sawyer then turned, walked toward her vehicle, and alerted her daughter to call her father. At the same time, Officer Crouch stepped toward Mrs. Sawyer, took her right arm, and told her to put her hands behind her back. When Officer Crouch attempted to handcuff Mrs. Sawyer's right wrist, she pulled her wrist away, and the handcuff got caught on her jacket. At that point, Mrs. Sawyer told Officer Crouch to stop and indicated that she would sign the citation.

Officer Crouch again told Mrs. Sawyer to put her hands behind her back. Mrs. Sawyer

2

screamed and continued to pull away, despite Officer Crouch's instructions to put her hands behind her back. He then placed her face-down on the hood of his patrol vehicle, advised her again to put her hands behind her back, and struck a nerve on her arm when she refused to comply. When she continued to resist, he administered a very short burst of pepper spray to her face and neck.

At some point, Mrs. Sawyer's goddaughter, Mecca, who is an adult, exited the car and approached Officer Crouch on two occasions. The first time Mecca approached Officer Crouch, he placed his hand on his pepper spray and instructed her to stand back.

During this time, Mrs. Sawyer continued to pull away, despite Officer Crouch's repeated instructions to put her hands behind her back.[1] When Mrs. Sawyer stumbled towards her vehicle, Officer Crouch applied standard and customary control procedures, including strikes to the common peroneal nerve on her leg, and tried to force her to the ground in an effort to gain control over her and protect himself from her and Mecca.

About this time, Officer Sturdivant arrived and observed Mrs. Sawyer resisting arrest. He also observed Mecca approach Officer Crouch and Mrs. Sawyer. He then helped Officer Crouch force Mrs. Sawyer all the way to the ground and handcuff her by placing his knee(s) on her back and physically placing her right hand behind her back.

It took approximately two minutes to handcuff Mrs. Sawyer.

## B. CONCLUSIONS OF LAW

Plaintiffs claim that Defendants violated Mrs. Sawyer's constitutional right to be free from excessive use of force during arrest. They also claim that the City was deliberately indifferent to

---

[1] Officer Crouch instructed Mrs. Sawyer to put her hands behind her back at least eight times during the course of the arrest.

3

Mrs. Sawyer's constitutional rights because the City failed to adequately train Officers Crouch and Sturdivant and failed to take remedial measures following the incident.

Plaintiffs also request that the Court exercise its supplemental jurisdiction over their various state law claims.

### 1. SECTION 1983 INDIVIDUAL CAPACITY SUITS AGAINST OFFICERS CROUCH AND STURDIVANT

To state a claim pursuant to § 1983, a plaintiff must claim a violation of a right secured by the Constitution or laws of the United States and demonstrate the alleged deprivation was committed by a person acting under color of state law. *See* 42 U.S.C. § 1983; *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997). The excessive force claim arises under the Fourth Amendment to the United States Constitution. The parties have stipulated that Officers Crouch and Sturdivant were acting under color of state law.

Plaintiffs' claims against Officers Crouch and Sturdivant are subject to qualified immunity. Courts employ "a two-step approach to analyze qualified immunity claims." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). "First, we consider whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right." *Id.* (quotation marks and citation omitted). "If the plaintiff's allegations could make out a constitutional violation, we then ask whether the right was clearly established—that is, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (quotation marks and citation omitted).

Whether excessive force was used in effectuating Mrs. Sawyer's arrest is analyzed under the Fourth Amendment's reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

To prevail, Mrs. Sawyer must show 1) an injury 2) that resulted directly and only from a use of force that was excessive to the need for force and 3) that the use of force was objectively unreasonable under the circumstances. *See Ramirez v. Knoulton*, 542 F.3d 124, 128 (5th Cir. 2008), *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

It is undisputed that Mrs. Sawyer was injured during the arrest and suffered bruising to her right arm consistent with the strikes that Officer Crouch applied to the back of her arm. Mrs. Sawyer's actions, however, warranted the use of force. When Officer Crouch began to place Mrs. Sawyer under arrest, she resisted by pulling her arm away from him. Although Mrs. Sawyer then offered to sign the citation, this did not undermine Officer Crouch's authority to arrest her nor excuse her from obeying his instructions. Mrs. Sawyer continued to resist Officer Crouch's efforts to handcuff her by pulling away and not putting her hands behind her back. Given the perceived and actual resistance of Mrs. Sawyer, Officer Crouch's use of force was legally authorized.

In terms of the degree of force used, her actions warranted increasing levels of force because she continued to resist efforts to handcuff her, as evidenced by Officer Crouch's repeated commands to place her hands behind her back throughout the arrest. The Court finds credible the expert testimony that Officer Crouch and Officer Sturdivant applied customary, standard control procedures designed to give an arresting officer control over a resisting arrestee while inflicting a minimal

amount of harm on the arrestee. The expert also testified credibly that Officer Crouch's and Officer Sturdivant's escalating use of force was consistent with standard police practices and appropriate given Mrs. Sawyer's continued resistance.

Although Mrs. Sawyer was arrested for a nonviolent traffic violation, Officer Crouch's use of force was not unreasonable given the circumstances he was confronted with: it was dark, Mrs. Sawyer was not complying with his verbal instructions and was physically resisting his efforts to handcuff her, and there were two unidentified persons inside the car, one of whom approached him on two occasions as he tried to place Mrs. Sawyer in custody. *Cf. Levins v. Smith*, 07-61013, 2008 U.S. App. LEXIS 16400, at *2–3 (5th Cir. July 31, 2008) (holding that the use of pepper spray, tackling and choking, twisting an arm until it fractured, and striking a person in the head, was an objectively unreasonable use of force where a motorist merely existed his car at the beginning of the traffic stop). Officer Crouch was trying to gain control over Mrs. Sawyer while at the same time trying to watch the passenger who had exited the vehicle. The situation was, at best, tense and chaotic, and Officer Crouch was concerned for his safety since he had not checked any of the occupants of the vehicle for weapons.

Officer Sturdivant's use of force was also reasonable because Mrs. Sawyer was still resisting Officer Crouch's efforts to handcuff her when he arrived.

Accordingly, neither Officer Crouch nor Officer Sturdivant violated Mrs. Sawyer's Fourth Amendment right to be free from the excessive use of force. The Court need not address the second prong of the qualified immunity analysis.

## 2. SECTION 1983 OFFICIAL CAPACITY AGAINST OFFICERS CROUCH AND STURDIVANT AND MUNICIPAL LIABILITY

Plaintiffs' § 1983 claims against Officers Crouch and Sturdivant in their official capacities merge with their claims against the City. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Having found that Officers Crouch and Sturdivant did not violate Mrs. Sawyer's constitutional rights, Plaintiffs' claims against the City fail as a matter of law. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (finding that if the officer had inflicted no constitutional injury, then the city and the commission could not be liable under § 1983); *see also Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392–93 (5th Cir. 1999) (same).

## 3. STATE LAW CLAIMS

The Court has supplemental jurisdiction over Plaintiffs' state law claims of assault, battery, and intentional infliction of emotional distress on behalf of Mrs. Sawyer and bystander damages for the emotional distress suffered by Sierra as a result of witnessing her mother's arrest. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349–50 (1988) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also* 28 U.S.C. § 1367(c). Having found that the Officers' use of force was reasonable, Plaintiffs' state law claims against Officers Crouch and Sturdivant and the City fail. *See Lowrey v. Pettit*, 31,881-CA (La. App. 2 Cir. 5/07/99); 737 So. 2d 213, 216 (battery); *Bulot v. Intracoastal Tubular Srvs., Inc.*, 98-C-2105 (La. App. 4 Cir. 2/24/99); 730 So. 2d 1012, 1018 (assault); *McCoy v. City of Shreveport*, 492 F.3d 551, 563 (5th Cir. 2007) (intentional infliction of emotional distress); *Lejeune v. Rayne Branch Hosp.*, 89-CC-0575 (La. 1990); 556 So.2d 559, 570 (bystander damages).

## II. CONCLUSION

For the foregoing reasons, the Court finds in favor of Defendants Officer Crouch, Officer Sturdivant, and the City, and against Plaintiffs Lisa Sawyer, appearing individually and on behalf of her minor daughter, Sierra, and Wendell Sawyer, the administrator of the estate of Sierra Sawyer.

MONROE, LOUISIANA, this 5 day of December, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE